STATE OF MAINE
LINCOLN, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-99-002
EAG-LIN- 10/26/2000

ANTHONY CAPODILUPO,
        Plaintiff,

v.

ORDER

The Inhabitants of the
TOWN OF BRISTOL, MAINE,
        and
BOARD OF SELECTMEN/ASSESSORS,
for the TOWN OF BRISTOL, MAINE,
        Defendants.

DONALD L. C_____
        LAW Li____

OCT 31 2000

## PROCEDURAL BACKGROUND

Anthony Capodilupo ("Capodilupo") owns two parcels of land in the town of

Bristol, Maine.     In 1996  the Town of  Bristol ("Town") retained the services of

Parker Appraisal Company ("Parker") to provide updated assessments of all taxable

real property within the Town, and  to provide assistance in reaching compliance

with 36 M.R.S.A. § 327.  Parker completed its work in 1997 by providing a Manual

that was to allow the Town to fairly and accurately determine the value of any

taxable piece of real property within its borders. The Manual also contained Parker's

determination of the taxable value of each parcel then existing.

Starting in September 1997, the Assessors for the Town began using the

Manual in  issuing property tax bills.  After reviewing his tax bill for 1997,

Capodilupo believed that the assessed values were too high. Based upon that belief, he submitted a timely application for abatement of his 1997 taxes. In addition, on December 31, 1997, he filed a Declaratory Judgment action against the Town and its Board of Selectmen/Assessors. That action was dismissed by order of Justice Brennan on December 2, 1998. Justice Brennean's decision was affirmed by the Law Court on June 24, 1999.

In May 1998 the Assessors held a hearing to review his request. Based upon the information presented, the Assessors requested further information from Capodilupo and requested that they be allowed to inspect his property in the presence of Parker. The inspection occurred on September 28, 1998. Three days later the Assessors notified Capodilupo that they had denied his request.

Capodilupo appealed the Assessors' decision to the Lincoln County Commissioners ("LCC"). That appeal was deemed denied as of February 2, 1999 after the LCC failed to give written notice of their decision within sixty days. 36 M.R.S.A. § 844(1).

Capodilupo filed a three-count complaint against the Town on March 4, 1999. His first amended complaint was filed April 2, 1999 but, pursuant to Justice Warren's decision dated August 18, 1999, Count I was remanded to the LCC to "permit the parties to make a record and the Commissioners to determine if the properties at issue are overassessed." Justice Warren dismissed, without prejudice, Count II of that complaint, but allowed Capodilupo to raise the issue of bias during the remand to the Commissioners and/or during further court review pursuant to

M.R.Civ.P. 80B. He dismissed Count III outright, and dismissed Count IV without prejudice. Justice Warren was specific in noting that, to the extent any of the dismissed counts raised cognizable claims, they could be raised in the administrative abatement process.

On April 18, 2000, the LCC denied Capodilupo's appeal of the denial of an abatement on his 1997 tax bill. At the same time, they also denied his appeal of the denial of an abatement of the 1998 tax bill.

On May 18, 2000, Capodilupo filed a second amended complaint. That complaint expanded the scope of Capodilupo's claims against the Town by adding the 1998 and 1999 tax assessments and adding a claim pursuant to 42 U.S.C.A.§ 1983.

## DISCUSSION

A. Town's Motion to Dismiss Second Amended Complaint

In the Motion to Dismiss it filed in response to the second amended Complaint, the Town noted that M.R.Civ.P. 15(a) allowed amendment of pleadings beyond the initial response period only by leave of court or written consent of the adverse party. Capodilupo did not request leave of court, nor did he have the Town's consent to file an amended Complaint.

Based upon a review of this file, as well as the documents contained in *Anthony Capodilupo, et al., v. Board of Selectmen, et al.,* LIN-CV-97-064, and based upon M.R.Civ.P. 15(a), the defendant's motion to dismiss plaintiff's second amended complaint is granted. Capodilupo has already had numerous

opportunities to refine his claims against the Town.

Although the parties did agree to consolidate the 1997 and 1998 tax abatement appeals as part of the remand to the Commissioners, there was apparently no agreement that this action would "automatically" expand to include the 1998 issues. Because there was some confusion between the parties as to the extent of the agreed-to consolidation, plaintiff is granted thirty days to file an 80B appeal from the LCC's denial of his 1998 tax abatement appeal. Further proceedings shall be in accordance with Justice Warren's Order dated August 18, 1999.

## B. Motion to Consolidate

Capodilupo moved to consolidate his case with the matter of *Chutter v. Town of Bristol*, LIN-AP-00-004. Consolidation is appropriate when the issues raised and the evidence to be presented are, to a large extent, identical. That reasoning was expalined in a recent Law Court decision concerning abatement of property taxes. The properties in that case, however, were single-family residences located in the same neighborhood. *City of Biddeford v. Adams*, 1999 ME 49, ¶ 2, 727 A.2d 346, 347. In this case, Chutter does not live in the same neighborhood as Capodilupo. Here, Chutter owns shore front property, but Capodilupo does not.

Although the cases do contain some of the same claims, Capodilupo has made several specific allegations of bias with respect to the Assessors that Chutter has not. Chutter's case concerns only the 1997 assessment, and only Capodilupo has a record containing the expert evidence of Guy Chapman.

As the rulings here and the Capodilupo case demonstrate, these cases do share some common nucleus of operative facts, town records, witnesses, and market surveys. However, given the number of differences between them and the likelihood of prejudice and confusion, the court is convinced that consolidation is not appropriate.

After review of both cases, the motion to consolidate for hearing is denied.

## C. Motion for Special Assignment

Chutter's motion for a special assignment of this matter to the Honorable Thomas D. Warren was denied by Justice Mead in an order dated September 8, 2000.

## D. Motion to Specify Future Course of Proceedings

Because the court has determined that there is no independent action, this motion is denied.

ORDER

Plaintiff's motions to consolidate and to specify future course of proceedings are denied. Defendant's motion to dismiss the Second Amended Complaint is granted.

The Clerk is directed to incorporate this order by reference in the docket for this case.

Dated: October 26, 2000

_____
Justice, Maine Superior Court

Pltff: (775-6001)
Robert M. Hayes, Esquire

Def: (882-5500)
Ervin D. Snyder, Esquire